I'm a little concerned about Miss Liggett's audio. Could you check that a little more, Madam Clerk? Miss Liggett, can you hear me? I can. Can you hear me? Yes, I can. Thank you. Does that sound okay to the panel? I moved the microphone closer to me now. Is that better? It was even better when you were leaning to your right. So I think that helped. Is that better, Your Honor? We've lost your picture. You're a little bit too far to the right to be on camera. There you go. There we go. Now the microphone is right up here on the podium, Your Honor. I think that's improved. Thank you. All right. Madam Clerk, would you please call the next case for us? 19-3558 from the Eastern District of Missouri, United States v. James Flannery. Very well. We'd ask that whoever's not speaking mute your microphone and we'll hear first from Miss Liggett. Thank you, Your Honor. May it please the Court. My name is Lucille Liggett, and I represent James Flannery in this case. In this case, at the sentencing hearing, the district judge committed procedural error when he imposed a fine of $5,500 on James Flannery. He did so in that he failed to consider the 18 United States Code 3553A factors as they relate to the imposition of the fine. He failed to consider the 18 United States Code 3572A factors, and he failed to give any explanation whatsoever as to why he imposed a fine on James Flannery. During the sentencing hearing, the judge calculated the advisory guideline range of imprisonment to be 18 to 24 months. The judge did not state at that time or at any time the advisory guideline range for the fine, which was $5,500 to $55,000. The judge then heard allocution from the defendant regarding the sentence, and the defendant argued that a sentence of probation would satisfy the 3553A factors. The judge then stated on the record that he considered the pre-sentence investigation report, Flannery's motion for a downward variance, letters of support, the government's sentencing memorandum, Flannery's history and characteristics, and he stated at that time that a sentence of 12 months would satisfy the sentencing objectives. The statement as the district judge at that time, the 3553A factors, was clearly only his reason for imposing a sentence of 12 months and a day, and not his reasons for imposing a fine. The judge then went on to order the restitution in the case, and it was then that the judge imposed a fine and stated a fine of $5,500. There was no discussion or consideration on the record of the 3553A factors at that time, or the 3572A factors, or anything from the guidelines 5E1.2. At that time, the defendant specifically objected to the imposition of the fine, calling upon the judge to give reasons and explain the reasoning behind the imposition of the fine and the amount of the fine. The defendant, Mr. Flannery, the reasons presented were that the defendant, Mr. Flannery, at the initial appearance was found to be indigent by the magistrate judge and the office of the to this large order of restitution of $311,000, it was excessive in the case. The likelihood that he'd be able to pay this fine, since he was going to do a year and a day in prison, he would lose his business, which was a pallet business, and any way for him to make money. When he came out of prison, he would have no business, he would have no way to pay the response to the objection. And the only statement the district judge made was, the court will overrule your objection, I don't think it is excessive, I think that it is appropriate in this situation. But nowhere did the judge address any of the factors that the defendant stated in the objection. He didn't respond to the objection in any way. He didn't respond to, list any factors in 3572, like address his income, his earning capacity, the financial resources that he had, and the fact that the restitution was ordered in addition to this fine. Thus, the judge failed in any way to explain the reasons for imposing the fine on Mr. Flannery, and now this court is unable now to engage in any meaningful review of this part of the sentence. As the district judge has committed procedural error in this case, I'd ask the court to remand the case back to the district judge to explain his reasons on the record for imposing a fine and the amount of fine. In the event the court concludes that the district judge did not commit procedural error in the case, the imposition of the fine is substantively unreasonable, also taking into account the totality of the circumstances. Mr. Flannery provided a financial affidavit to the magistrate judge, and he was determined to be indigent. This is the same information that was in the pre-sentence investigation report as to his financial assets and liabilities, and perhaps, I really can't say, but perhaps the judge using that same information now found he had the ability to pay, but it was the same information that the magistrate used to find him to be indigent. It remains unclear on the record as to the reasons the judge used to impose the fine, so under the abuse of discretion standard of review, the court failed to consider the relevant factors in this case, his income, his earning capacity, his financial resources, and the amount of restitution ordered in addition to the fine when the court imposed a fine on Mr. Flannery, and that is the sum of my argument, Your Honor. Okay, Ms. Liggett, a question. I understand your argument that the fine is excessive, is not supported by the various factors, but do you also say, did I understand you to say that you raised an objection to the lack of explanation by the district court? Yes, Your Honor. Where is that? What can you, looking at the transcript of the sentencing, are you able to, if you can't, that's okay. I don't want you to take a lot of time. In transcript here, but I objected to the, that the fine was excessive and imposing a large amount of restitution and serving a sentence of imprisonment will mean the loss of his business and his way to make money, and that Mr. Flannery was indigent. So I was inviting the court to have that discussion. I was inviting the court to state the reasons on the record as to why the court was imposing the fine, the amount of the fine. Okay, but really, it seems to me that that's two separate objections. One is a lack of explanation, and then the second is that you disagree with the fine itself. I think in making the objection, I was asking the court for the explanation. I mean, the words lack of explanation did not, no, it's not in the transcript, but just calling upon the court to engage in this conversation to give the explanation. I mean, just in objecting to it, I'm asking for an explanation because I gave the reasons why. Well, the concern we have sometimes, though, as a court of appeals is you come up and you don't necessarily appeal the fine. You appeal the fact that the judge didn't give further explanation, and the question is whether you need to put the judge on notice that you're really making a discreet objection about the sufficiency of the explanation as opposed to the fine itself. Your Honor, I would say this. The judge said nothing. I mean, I made an objection. The judge did not respond to me. He said nothing on the record about the fine, why he's imposing it. I mean, there is nothing for, I can't answer this any further than to say he never responded to me. I mean, we're, you know, the procedural error is right there. This court can't engage in any meaningful review of the fine because there is no reason on the record. All right. Would you care to save your last minute for rebuttal? Yes, Your Honor. I did see I went over my time. Thank you. You may. Thank you for your argument. Why don't you mute your microphone, and then we'll hear from Ms. Klocky. You may proceed. Thank you, Your Honor. May it please the court, my name is Diane Klocky. I'm appearing today on behalf of the United States. The government's position in this case is that there was no procedural error and that the fine is substantively reasonable considering the entirety of the record. Prior to pronouncing the sentence, the district court judge specifically stated, after hearing from defense counsel and the defendant and reviewing the pre-sentence report in this case. The pre-sentence report was not objected to, and it was accepted as factual findings of the court earlier in the sentencing hearing. Also earlier in the sentencing hearing, the defense counsel specifically stated, Mr. Flannery runs a pallet business. It's doing very well. He has the ability to pay restitution in this case, and he intends to pay that restitution as quickly as possible. Within the pre-sentence investigation report that was not objected to, and was accepted as district court's findings of fact, it notes that Mr. Flannery has a net worth of $311,300, and that includes the ownership of two different residences. And that was since Mr. Flannery refused to provide his financial reports to the PSR writer. That was based upon the bail report, which was partially based upon Mr. Flannery's financial affidavit. And that bail report makes clear that Mr. Flannery has that net worth of $311,300, which includes two residences which do not have mortgages on them. So, in addition to that, as well as Mr. Flannery's counsel's contention that he owned this business and that it was doing well, the judge then pronounced the sentence of 12 months and one day, which was below guidelines, as well as the fine of $5,500. I'm sorry? And the restitution of how much? Yes, Your Honor, the restitution was $113,046. Thank you. So, considering the rules in place here, first of all, the United States Sentencing Guidelines Section 5E1.2, where it states that the court shall impose a fine in all cases, except where the defendant establishes he is unable to pay and is not likely to become able to pay a fine. And in this case, that is what happened here. PSR writer went on pre-trial records to find Mr. Flannery's net worth, which was far in excess of the fine and in excess of the restitution. And Mr. Flannery did not otherwise show that he would be unable to pay this restitution and unable to pay this fine. And he did not object to the PSR at sentencing hearing either. And when you look at the 3572A factors to be considered, the first two are the defendant's income, earning capacity, and financial resources, as well as the burden it would impose upon a defendant or any person financially dependent upon the defendant. Again, the defendant made no such presentation that he would be unable to pay this fine. In fact, his net worth is far in excess of the fine. Even if we were to subtract out the amount of the restitution, which the amount of the restitution is large, $113,046, cut away from his net worth as established in the PSR, it becomes $198,254 net worth, which makes this fine of $5,500 less than 3% of his remaining net worth after subtracting out his bond gains. So when the district court judge stated that he had considered those statements from defense counsel about his business, as well as the PSR, which lays out this significant net worth with no objection from the defendant, the court had taken into consideration both 3572A factors, as well as the sentencing guidelines ruling that states a fine shall be imposed unless the defendant proves that he's unable to pay it. Substantively, as Ms. Lickett already pointed out, there was a guideline fine range here of $5,500 to higher end, $5,500 was at the lower end of the guideline fine sentence in this case. Again, it's less than 5% of the restitution amount, less than 3% of the defendant's remaining net worth after the restitution, and the restitution and fine in total account for 38% of that net worth. What do you have to say about the procedural argument that the judge just gave no explanation as to why the fine was not excessive? Well, I believe that was considered when taken in totality with, as I said, the pre-sentence investigation report stating he has this high net worth that was accepted as the findings of fact of the court, as well as the statements made in court that he owned his own pallet business that had been doing well, and that he was able to pay that restitution. The judge specifically stated that he took those things into consideration in imposing the sentence. So while 3572A isn't explicitly laid out by the judge, it was considered by the fact that these finances are laid out in what was taken as findings of fact by the court. Do you mean that the judge made a general statement that he was considering all of those items in arriving at the sentence without tying them specifically to the fine, but you think we can attribute that explanation to the fine as well? Yes, your honor. I see. So the imposition of this de minimis fine of $5,500 is also not substantively unreasonable based upon the total numbers at play here. And again, this was all not objected to at the time. In fact, the finances as laid out show that he very much had the ability to pay this fine. So barring any other questions, I believe that's the conclusion of my argument. Where's the specific passage of the transcript, if you have it handy, that you're referring to when you say the judge said that he was relying on this financial information and the PSR and so forth? That is at the top of page three, lines two, three, and four. Well, all he's doing there is making a finding that the facts in the pre-sentence report will be accepted as true. Yes, your honor. And when he later considered that... Go ahead. So when he later considered that pre-sentence investigation report, as well as the statements from defense counsel in imposing the sentence, then he would have been considering the financial information that was laid out in that pre-sentence investigation report. Where is the later statement that you're referring to? The statements from defense counsel? You said when the judge later said that he... I thought you said the judge later said, I'm considering the pre-sentence report and the statements of defense counsel. Is that... Yes, that is on page eight, lines eight and nine. Okay. Well, he says after considering those things, the motion for downward variance denied. I'm sorry, did you say it knows that the motion for downward variance was denied? Oh, I see. He just lists the motion as something else that he's considered. He says he's not ready to proceed with the sentence. Yes, I see what you mean. So you're saying when he then proceeded with imposition of sentence, which included the fine, he was referring back to all of those items. Correct, your honor. All right, then if you have nothing further, we thank you for your argument. Thank you, your honor. We'll hear from Ms. Liggett in rebuttal. Thank you, your honor. Just a few points. The government in its argument is basically asking this court to engage in a de novo review. She has listed factors that she wants the court to assume that the judge considered in imposing the fine. When the court never stated on the record how the 3553A factors or the 3572 factors apply to the imposition of the fine, and this court doesn't know the reasons that Judge White imposed the fine or how he determined the amount of fine. While the burden is on the defendant to show that he does not have the ability to pay the fine, that's a burden that the defendant accepts. However, we can't even get to the issue of burden because the court never stated on the record the reasons for imposing the fine, so that the defendant could then try to meet the burden to show the court that he has the inability to pay a fine. It's not likely to be able to pay a fine in the future. This court cannot review the sentence of the fines because the judge never gave his basis for the fine. Thank you. All right, thank you both counsel for your arguments. The case is submitted. The court will file an opinion in due course.